Per Curiam.

_ The only point touching the validity of the discharge under the act of 1811, is, whether it was procured by fraud, or whether fraud was committed in any of the proceedings upon which it was founded. Nothing of this is pretended; but it is admitted that the defendant acted fraudulently towards his creditors prior to the passing of the act. If the defendant had con *449 veyed away his property in expectation of such an act of insolvency to he passed, and with intention to avail himself of it, the fraud might possibly connect itself with the subsequent proceeding, and infect it. But we have no evidence of any such fact, or sufficient ground to infer it; and the fraud in question might have been committed long before the act passed, and have been after-wards done away by repentance, amendment, and recovery of the property. As a general rule we cannot allow that a prior case of fraud is to affect a subsequent honafi.de proceeding under a subsequent statute. It must be a very special case in which a fraud committed before the existence of a statute could be adjudged a fraud against such statute; and in no case could it be an object of animadversion, criminalder, under the authority of the statute.
Judgment for the defendant,